IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOREN D. HAMMOND,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF HAWAII; CITY AND COUNTY OF HONOLULU PROSECUTING ATTORNEY'S OFFICE; FORMER PROSECUTING ATTORNEY KEITH M. KANESHIRO # 2027; DEPUTY PROSECUTING ATTORNEY DANICA SWENSON # 10678; AND JOHN DOE, HPD OFFICERS OF THE HONOLULU POLICE DEPARTMENT,<br><br>Defendants. | CIV. NO. 26-00125 JMS-KJM<br><br>ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**I.  INTRODUCTION**

On March 12, 2026, Pro se Plaintiff Loren D. Hammond ("Plaintiff" or "Hammond") filed a "Motion to Proceed Pro Se and for Waiver of Court Fees and Cost" ("In Forma Pauperis ('IFP') Application"), ECF No. 2, along with a Complaint against the following Defendants: the State of Hawaii, "City and County of Honolulu Prosecuting Attorney's office," "Former: Prosecuting

Attorney: Keith M. Kaneshiro," "Deputy Prosecuting Attorney: Danica Swenson," and "John Doe, HPD officers of the Honolulu Police Department." ECF No. 1 at PageID.1. Based on the following, the court GRANTS the IFP Application. But, screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court DISMISSES the Complaint, with leave to amend by April 14, 2026, for failure to state a claim and as barred by the applicable statute of limitations.

## II.  IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether a plaintiff has alleged poverty "with some particularity, definiteness and certainty." *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless

2

show that he is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP Application (*see* ECF Nos. 2, 2-2) and determines that Plaintiff has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees).  The court therefore grants the IFP Application.

### III.  <u>BACKGROUND</u>

The action seeks damages for a civil rights violation under 42 U.S.C. § 1983.  ECF No. 1 at PageID.3.  According to the Complaint, Plaintiff was charged in Hawaii Circuit Court on October 31, 2018 in *State v. Hammond*, 1CPC-18-0001697 (Haw. First Cir. Ct.) ("*Hammond*"), with one count of Terroristic Threatening in the First Degree with the use of a dangerous instrument (in violation of Hawaii Revised Statutes ("HRS") § 707-716(1)(e)), and two counts of Promoting a Dangerous Drug in the Third Degree (in violation of HRS § 712-1243).  *See id.* at PageID.4; ECF No. 1-2.  The Complaint alleges that on December 3, 2018, Swenson filed a "Stipulation for [Protective] Order as to Discovery," in Hammond's criminal case 1CPC-18-0001697 ("Stipulation").  *See* ECF No. 1 at PageID.4; ECF No. 1-2; *see also* ECF No. 4-3 (Dkt. 29 in *Hammond*

3

(Dec. 3, 2018)).[1]  The Stipulation was signed by Swenson (the prosecutor), Hammond's defense counsel, and Hammond himself, and was approved by a Hawaii Circuit Court judge.  *See* ECF No. 1-2 at PageID.14; ECF No. 4-3 at PageID.39 (Dkt. 29 at 4 in *Hammond*).

The Complaint alleges that the Stipulation "prejudic[ed] Hammond from obtaining the names of John Doe HPD officers, who wrote any statements or affidavits, turning the John Doe officers into witnesses or victims in a victimless crime."  ECF No. 1 at PageID.4.  The Complaint argues that the privacy interests of the officers are diminished because Hammond's arrest occurred "in broad daylight on a public street," and "in a public setting such as Aala Park in Honolulu."  *Id.* at PageID.5.  It explains that when Hammond was arrested, he was taken to Queens Medical Center, and later to a police station where he was booked and "[d]etailed records [were] made, documenting where the [drugs were] found, their condition, and comprehensive photos."  *Id.*  The Complaint claims that "Hammond . . . was never afforded the right to review the reports based on the [filing] of the 'Stipulation for Protecti[ve] Order as to Discovery' made by Deputy

---

[1]  Page 3 of the "Stipulation for Protective Order" attached to the Complaint, ECF No. 1-2, is partially obscured.  *See* ECF No. 1-2 at PageID.13.  Docket ("Dkt.") No. 29 in *Hammond* is a legible copy of the "Stipulation for Protective Order as to Discovery" from the original Hawaii State Court docket.  *See* ECF No. 4-3.  In this regard, the court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quotation marks and citation omitted).

Prosecuting Attorney: Danica Swenson, on behalf of the John Doe ('HPD')

officers . . . ."  *Id.* at PageID.6.  And later, the Complaint alleges that

> Danica Swanson's [sic]. . . failure to comply with State
> and Federal law . . . violated Hammond's right to
> challenge the accusers of the report . . . [and] also denied
> Hammond the right to challenge the "Fact" that upon
> arrest "No" drugs were found in Hammond's possession
> until arriving at HPD Central Receiving on October 23,
> 2018, this raises suspicion upon the Central Receiving
> John Doe HPD Officers who performed the search of
> Hammond's person, while in HPD custody and why, the
> "Stipulation of Protecti[ve] Order as to Discovery"
> denied Hammond from identifying the HPD officers
> names and badge numbers, when clearly established laws
> point towards officers not having privacy while in public,
> and while performing their duties.

*Id.* at PageID.7–8.  The Complaint seeks general, special, punitive, and statutory

damages, as well as "reasonable attorney's fees pursuant to Monell, Bivens and 42

U.S.C. § 1983 . . . ."  *Id.* at PageID.9.

The Hawaii Circuit Court record, of which the court takes judicial

notice (*see, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (allowing

courts to "take [judicial] notice of proceedings in other courts . . .  if those

proceedings have a direct relation to matters at issue")), establishes that Hammond

was indeed indicted on October 31, 2018 for violations of HRS § 707-716(1)(e))

and § 712-1243), *see* ECF No. 4-2 (Dkt. 2 in *Hammond* (Oct. 31, 2018)).  It also

establishes that, on February 26, 2019, Hammond pleaded no contest to Count I

(Terroristic Threatening in the Second Degree, HRS § 707-717), and Count II

(Promoting a Dangerous Drug in the Third Degree, HRS § 712-1243).  *See* ECF No. 4-4 (Dkt. 49 in *Hammond* (Feb. 26, 2019)).  He was sentenced to four years of probation for the two convictions.  *See* ECF No. 4-5 (Dkt. 84 in *Hammond* (May 9, 2019) (Amended Judgment)); *see also* ECF No. 4-7 at PageID.61 (Dkt. 185 at 2 in *Hammond* (Feb. 1, 2023) (Findings of Fact in Order Denying Defendant's Complaint for Violating Hawaii Rules of Professional Conduct 8.4(a)(b)).  And a review of the State court docket indicates that no direct appeal was taken from Hammond's criminal judgment.  *See* ECF No. 4-1 (docket listing in *Hammond*).[2]

## IV.  <u>STATUTORY SCREENING</u>

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim).

---

[2]  The State Court record reflects that Hammond filed a pro se petition for post-conviction relief under Hawaii Rule of Penal Procedure 40 on October 12, 2021, which was denied on February 1, 2022.  *See* ECF No. 4-7 (Dkt. 185 at 4 in *Hammond* (Feb. 1, 2023)).  The denial was upheld on appeal.  *See* ECF No. 4-8 (Order of Intermediate Court of Appeals dismissing appeal); ECF No. 4-9 (Order Rejecting Application for Writ of Certiorari).

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint should be dismissed if, even when its well-pleaded factual allegations are taken as true and viewed in the light most favorable to the plaintiff, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

And a court may dismiss a claim as frivolous based on the statute of limitations where it is obvious from the face of the complaint that the claim is time barred.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984) (stating that an action may be dismissed at screening "where the defense is complete and obvious from the face of the pleadings or the court's own records"); *Belanus v. Clark*, 796 F.3d 1021, 1025–27 (9th Cir. 2015) (affirming dismissal of prisoner case at screening stage based on statute of limitations); *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (determining that a complaint which states a claim that appears

to have expired under the applicable statute of limitations may be dismissed as frivolous under the screening provision of § 1915).

In screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## V. **DISCUSSION**

Applying the screening standards, the court concludes that—for several reasons—the Complaint fails to state a plausible claim. Plaintiff bases his civil rights claim on the Stipulation (which he, along with his defense counsel, signed). He alleges that the Stipulation prevented him from obtaining the names of police officers who were involved in his arrest and from reviewing police reports that contained information about his arrest.

But the plain terms of the Stipulation did not prevent him from obtaining such information—all the relevant discovery materials in Hammond's criminal case were fully available to his counsel, with certain personal information redacted from viewing by Hammond. Under Hawaii Rule of Penal Procedure

("HRPP") 16(e)(4), the Stipulation only requires certain identifying information such as residential addresses, phone numbers, financial information, and social security numbers for witnesses or victims to be redacted from discovery materials given directly to a defendant (as distinct from a defendant's counsel).[3]

---

[3] By its terms, the Stipulation was based on HRPP 16(e)(4), which provides in part:

> Upon a showing of cause, the court may at any time order that specified disclosures or investigatory procedures be denied, restricted or deferred, or make such other order as is appropriate, provided that all material and information to which a party is entitled shall be disclosed in time to permit counsel to make beneficial use thereof.

To that end, the Stipulation states in part that "Defense counsel shall not disclose certain information in the discovery materials to Defendant Loren Hammond." ECF No. 1-2 at PageID.12 (emphasis omitted). It continues:

> Specifically, the State shall redact the following information from such discovery materials:
>
> a. All witnesses' personal information, including, but not limited to:
>> i. Residential and/or business addresses;
>> ii. Landline and/or cellular telephone numbers;
>> iii. Pager numbers;
>> iv. Email addresses;
>> v. Birthdates;
>> vi. Social security numbers;
>> vii. Driver's license numbers;
>> viii. State identification numbers;
>> ix. Credit or bank card numbers;
>> x. Account numbers;
>> xi. Identification numbers and badge numbers for all law enforcement officers, agents or representatives;
>> xii. Identifying information related to motor vehicle registration, license plate numbers, and/or vehicle identification numbers (commonly referred to as "VIN").

*Id.*

More importantly, although Plaintiff's precise theory of damages under § 1983 is unclear, it appears that Plaintiff is claiming that he was wrongfully convicted or that he was otherwise prejudiced in the defense of his criminal case by restrictions in the Stipulation. But the record clearly reflects that Plaintiff pleaded no contest to two charges and was sentenced to four years of probation. The record reflects that no appeal was taken, and an HRPP 40 petition was denied; nothing indicates that his conviction was vacated. Accordingly, his § 1983 claim for damages based on alleged defects in his prosecution is barred under well-settled law. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (barring a § 1983 suit that "would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Olivier v. City of Brandon, Miss.*, 607 U.S. ----, 2026 WL 783725, at *6 (March 20, 2026) (explaining *Heck*); *see also, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (applying *Heck* to bar a § 1983 claim for damages). *Heck* requires "a § 1983 plaintiff [to] prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Hammond's claim would clearly fail even if he were entitled to see redacted information regarding witnesses or victims.

Further, Hammond's claims for damages against the State of Hawaii are plainly barred by the Eleventh Amendment.  Absent waiver, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  Similarly, claims directly against the entity "City & County of Honolulu Prosecuting Attorney's Office" fail as a matter of law.  *See, e.g.*, *Oyadomari v. Sutherland-Choy*, 2020 WL 61573, at *2 n.6 (D. Haw. Jan. 6, 2020) ("The Honolulu Police Department [like the prosecutor's office] is a division of the City and County of Honolulu and is not separately subject to suit under § 1983.").  "Claims against a municipality and its respective police department are treated as claims against the municipality . . . ." *Gomes v. County of Kauai*, 481 F. Supp. 3d 1104, 1110 (D. Haw. 2020); *Fisher v. Kealoha*, 869 F. Supp. 2d 1203, 1214 n.15 (D. Haw. 2012) ("[T]he Hawaii Supreme Court has held that individual departments within the City are not separate entities.") (citing *City & County of Honolulu v. Toyama*, 61 Haw. 156, 598 P.2d 168, 172 (1979)).

Moreover, Hammond's claims against Honolulu prosecutors appear to be based on an alleged violation of a duty to disclose potentially exculpatory information.  Prosecutors, however, have absolute immunity against suits for

11

damages based on such alleged violations. *See, e.g.*, *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction [is] . . . an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages."); *Turner v. City & County of Honolulu*, 2007 WL 1341132, at *4 (D. Haw. May 3, 2007) (denying leave to amend a § 1983 claim because a prosecutor is entitled to absolute immunity even for acts in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and the duty to disclose exculpatory information).

And it is equally clear that Hammond's claims are barred by the applicable statute of limitations. In this regard, federal courts apply the forum state's statute of limitations and its tolling provisions for actions to claims under § 1983. *See, e.g.*, *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Hawaii's two-year statute of limitations for personal injury claims, HRS § 657-7, applies to § 1983 claims. *See, e.g.*, *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019). But, "[a]lthough state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000). Under federal law, the "discovery rule" typically governs the accrual of § 1983 claims so that "a claim accrues when the plaintiff knows or has reason to know of the injury which is the

basis of the action." *Id*. (quoting *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

A federal court also "borrows the state's equitable tolling rules" when an analogous state law statute of limitation applies, "absent a reason not to do so." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir. 2001); *see also Collins v. County of Alameda*, 2024 WL 4893300, at *6–7 (N.D. Cal. Nov. 25, 2024) (applying California equitable tolling rules to a claim under 42 U.S.C. § 1983). Thus, Hawaii's doctrine of equitable tolling applies to Plaintiff's § 1983 claims. In turn, Hawaii has adopted federal equitable tolling principles: To toll a statute of limitations for a claim filed after its expiration, a plaintiff must demonstrate "(1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way." *Off. of Hawaiian Affairs v. State*, 110 Haw. 338, 360, 133 P.3d 767, 789 (2006) (quoting *Felter v. Norton*, 412 F. Supp. 2d 118, 126 (D.D.C. 2006) (quotation marks omitted); *see also Chun v. City & County of Honolulu*, 2020 WL 3965943, at *3 (D. Haw. July 13, 2020). "Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations." *Off. of Hawaiian Affairs*, 110 Haw. at 360, 133 P.3d at 789. This test "is a very high bar, and is reserved for rare cases." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014).

13

Here, it is obvious from the face of the Complaint that Plaintiff's claims are time barred.  Plaintiff's claims are based on a Stipulation he signed in 2018.  Any prejudice that he encountered because of the Stipulation would have taken place in or around 2019—he alleges prejudice regarding his defense of his criminal case that occurred, if at all, in that time frame.  He alleges nothing that indicates he did not discover that he had a cause of action at a later time.  In short, he alleges nothing actionable that occurred within the two-year statute of limitations (i.e., two years prior to this suit being filed on March 12, 2026).  And Plaintiff does not allege any extraordinary circumstances that made it impossible to file his Complaint within the limitations period to justify equitable tolling.

For all these reasons, the Complaint fails to state a plausible claim for relief and is otherwise barred.[4]  Nevertheless, the court will allow Plaintiff by **April 14, 2026**, an opportunity to file an Amended Complaint that states a plausible claim and that is otherwise timely.[5]  *See, e.g.*, *Lopez*, 203 F.3d at 1130

---

[4]  Plaintiff also attempts to bring a claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  A *Bivens* claim, however, cannot be brought against an individual acting under color of state law—instead, it requires that a plaintiff plead facts alleging a violation of constitutional rights caused by agents acting under color of federal law.  *See Alba v. Halawa Corr. Facility*, 2025 WL 3687926, at *1 n.2 (D. Haw. Dec. 19, 2025) (emphasis omitted).

[5]  "While the statute of limitation is an affirmative defense, in the absence of a defendant's waiver, a court may raise the defense of statute of limitations sua sponte." *Tierney v. Atkin*, 2013 WL 1991907, at *3 (D. Haw. May 13, 2013); *see also United States v. Page*, 116 F.4th 822, 825 (9th Cir. 2024) ("Though the statute of limitations is an affirmative defense, a district court may sua sponte consider whether a complaint is barred by the statute of

(continued . . . )

14

("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation marks omitted)).  Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if he amends his Complaint.  The amended complaint must be designated as an "Amended Complaint."  An amended complaint generally supersedes the original complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Local Rule 10.4 requires that an amended complaint be complete in itself without reference to any prior pleading.  Plaintiff should not repeat claims that have already been dismissed, even if he seeks to preserve them for appeal.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily dismissed [are] . . . waived if not repled.").  If an Amended Complaint is not filed by **April 14, 2026**, the court will dismiss the action without further notice.

---

limitations.").  Nevertheless, the court will provide Plaintiff notice and an opportunity to explain why the action is not time barred.  *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001) ("[W]hile the district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond."); *Day v. McDonough*, 547 U.S. 198, 209–210 (2006) (holding that district courts may "consider, sua sponte, the timeliness of a state prisoner's habeas petition," but the court "must accord the parties fair notice and an opportunity to present their positions").

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the IFP Application, ECF No. 2, is

GRANTED.  Nevertheless, Plaintiff's Complaint is DISMISSED with leave to

amend to attempt to rectify deficiencies identified in this Order.  An Amended

Complaint must be filed by **April 14, 2026**.  If an Amended Complaint is not filed

by that date, the action will be dismissed without further notice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 24, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

16